**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1554

_____

IN RE: JOSEPH LOUIS FOLKS,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. Civ. No. 1:20-cv-00461)
District Court Judge: Honorable Richard G. Andrews

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on July 22, 2021

Before: McKEE, GREENAWAY, JR., and BIBAS, Circuit Judges

(Opinion filed: October 26, 2021)

_____

OPINION[*]
_____

PER CURIAM

    In 1993, Joseph Louis Folks was convicted in the Delaware Superior Court of two

counts of first-degree sexual intercourse with a minor and was sentenced to thirty-five

years of Level V incarceration, suspended after thirty years for decreasing levels of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

supervision. He challenged these convictions in three unsuccessful federal habeas corpus proceedings. Folks was released on probation in February 2019, but he soon violated the conditions of his release. In April 2019, the Delaware Superior Court discharged his conditional release for his first unlawful sexual intercourse conviction and sentenced him to five years' incarceration for the second conviction.

In April 2020, Folks filed another federal habeas petition in the District Court challenging both his underlying convictions as well as the 2019 conviction for violating the terms of his probation. He argued, inter alia, that the Delaware Superior Court lacked subject matter jurisdiction to convict him in 1993 because the 1991 arrest warrant was invalid.

Meanwhile, in March 2021, while his habeas petition was still pending, Folks filed in this Court a petition for a writ of mandamus. He reasserts his contention that the Delaware Superior Court lacked jurisdiction to convict him and asks us to order his immediate release.[1]

We will deny the petition.[2] Our mandamus jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of

---

[1] The District Court has since dismissed the habeas petition. Folks did not seek a certificate of appealability from this Court.

[2] The mandamus petition was dismissed because Folks failed to timely pay the filing fee or submit a motion for leave to proceed in forma pauperis. See 3d Cir. L.A.R. Misc. 107.1. Folks also initially failed to submit a certificate of service reflecting that the petition had been served on each party and the District Judge. See Fed. R. App. P. 21 & 25. These defects having been cured, we grant the motion to reopen and for leave to file the motion to reopen out of time. See 3rd Cir. L.A.R. Misc. 107.2(a). Folks's motion to proceed in forma pauperis is granted.

[our jurisdiction] and agreeable to the usages and principles of law." Absent circumstances not present here, a federal court may not issue a writ of mandamus to compel action by a state court or state official. See generally In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981). Therefore, we lack authority to compel the Delaware Superior Court to release Folks. Furthermore, given that Folks's objection to his 1993 conviction was pending before the District Court at the time he filed this petition, he has not shown that he has "no other adequate means" to obtain the relief desired. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Accordingly, we will deny the petition for a writ of mandamus.